**FRED BENIOFF CO. v. BENIOFF et al.**

No. 22033—G.

District Court, N. D. California, S. D.

March 6, 1944.

Hackley & Hursh, Roy C. Hackley, Jr., Jack E. Hursh, Jaffa & Sumski, Edward M. Jaffa, and Barnett Sumski, all of San Francisco, Cal., for plaintiff.

Livingston & Livingston and David Livingston, all of San Francisco, Cal. (Chas. E. Townsend and Stephen S. Townsend, both of San Francisco, Cal., of counsel), for defendant.

GOODMAN, District Judge.

Fred Benioff Co., a California corporation, engaged in the business of retailing ladies' furs, fur garments and other types of women's apparel in San Francisco and elsewhere, commenced this action for injunction and damages against defendant Fred Benioff claiming: (1) Infringement of United States registered trademark No. 236829 (Trademark Act of 1920, 41 Stat. 533, Ch. 104, 15 U.S.C.A. § 121 et seq.), being a label for use in connection with garments offered for sale and having inscribed thereon the words "Benioff's Furs," and (2) in a second cause of action, "unfair competition" on the part of defendant Fred Benioff.

Upon the complaint and supplemental complaint and answers thereto, the cause, together with defendant's motion to dismiss for lack of jurisdiction, was tried and submitted.

There is no diversity of citizenship, 28 U.S.C.A. § 41 (1), both plaintiff and defendant Fred Benioff being citizens of the State of California. Other defendants named in the complaint were not real parties in interest and only the issues between plaintiff and defendant Fred Benioff were litigated.

This litigation is the offspring of the marital difficulties of the defendant Fred Benioff and his wife Helen, now head and controlling owner of plaintiff corporation. Defendant Fred Benioff, after World War I, came to California and engaged in the business of selling furs, that being the business and occupation followed by him prior to the war. He married one Helen Harris and she participated in the fur business with him. The business was for some time conducted in the name of Fred Benioff, although some other names were used, until finally in 1933 the plaintiff corporation was formed. Fred Benioff held the controlling interest, but his wife and her mother and brother participated as employees. As a result of marital difficulties, the husband and wife separated in 1941, and thereafter the wife secured control of the affairs of the corporation and caused defendant to be ousted from active participation in the enterprise. Thereupon defendant undertook to engage in business for himself, and after some unsuccessful ventures, opened a large establishment on Stockton Street, in San Francisco, around the corner from the plaintiff's establishment, and has conducted that business under the name of "Fred Benioff."

Plaintiff contends this is "unfair competition" on defendant's part; that his name belongs to the corporation; that its customers are confused and many find their way to defendant's store; that the defendant has pirated the good will of the plaintiff corporation and that he should be enjoined from so doing and should pay the damages caused by his improper acts, such relief being provided under California law. If this were all that were involved, plaintiff would have been long since sent on its way to the county court house, just a few blocks away, because of the purely nonfederal character of the issue raised.

But plaintiff, in its first cause of action, has invoked this jurisdiction, and seeks to remain herein, upon the theory that it owns a federally registered trademark, to-wit: "Benioff's Furs" and that defendant has infringed thereon; and failing to establish trademark validity, plaintiff urges that jurisdiction carries over to the second

cause of action for unfair competition at common law.

In several technical respects, the right of plaintiff to maintain the trademark infringement cause of action, and the jurisdiction of this Court thereof, are open to serious question:

■ First. It is not alleged in the complaint that the defendant used the trademark "in commerce among the several States." Trademark Act of 1920, 41 Stat. 534, Sec. 4. The allegation that the defendant infringed "within this district and elsewhere in the United States," under respectable authority, appears insufficient. Youngs Rubber Corp. v. C. I. Lee & Co., 2 Cir., 45 F.2d 103; Bergdoll Brewing Co. v. Bergdoll Brewing Co., D.C., 218 F. 131. True, the plaintiff sought to cure this defect by proffering an amendment, after submission of the cause, praying that it be allowed nunc pro tunc. However, the amendment cannot be allowed, inasmuch as the evidence completely fails to show any infringement in interstate commerce. To permit an amendment nunc pro tunc, after trial, in the face of wholly insufficient evidence, is clearly a useless gesture. Youngs Rubber Corp. v. C. I. Lee & Co., supra.

Second. The legal effectiveness of the purported registration of the mark "Benioff's Furs" is doubtful for the reason that the evidence does not clearly show use and ownership, in fact, of the mark by plaintiff and its predecessors in such manner as is recognized and protected at common law. Hanover Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713.

Third. The evidence as to the validity of the claimed title of plaintiff in the trademark lacks probative weight. The trademark "Benioff's Furs" was registered on September 18, 1926, by one Shim Benioff (a brother of the defendant) acting for a partnership consisting of himself, Abe Benioff, a brother, and Helen Benioff. It is claimed by the plaintiff that said partnership business and assets were transferred via predecessors of plaintiff and finally reached plaintiff corporation. No specific mention of the trademark is made in the documents of transfer. On November 22, 1941,—some six months after defendant had been expelled from plaintiff corporation and some two months after the defendant had commenced an action in the Superior Court of the State of California against the plaintiff corporation for a declaratory judgment protecting him in his alleged right to use his own name in business, and about two weeks prior to the commencement of the instant cause—a purported assignment of the registered trademark from the old partnership of Shim Benioff et al. to the plaintiff corporation was filed in the patent office. The instrument of assignment, which counsel for defendant have designated as a "post-litem-motam" assignment, was signed by Helen Benioff purporting to act for the long extinct Shim Benioff partnership.

Fourth. The evidence failed to show at all any actual or exclusive use of the mark by the plaintiff and the only assertion of ownership by plaintiff was its complaint that some third person had on some occasion used or attempted to use the mark.

It is unnecessary, however, for the Court to pass upon these infirmities, inasmuch as its conclusion that plaintiff cannot prevail upon the claim of trademark infringement rests upon broader grounds.

■ The evidence fails to show any infringement of the trademark whatsoever in interstate commerce by the defendant. The Court finds that the defendant has not, since his ouster from the plaintiff corporation, used the label or mark: "Benioff's Furs" or any mark simulative thereof, in "commerce among the several States." Without such proof, plaintiff cannot succeed. Trademark Act of 1920, Sec. 4; United States Printing & Lithograph Co. v. Griggs Cooper & Co., 279 U.S. 156, 49 S.Ct. 267, 73 L.Ed. 650; Youngs Rubber Corp. v. C. I. Lee & Co., supra; Horlick's Malted Milk Corp. v. Horluck's, Inc., 9 Cir., 59 F.2d 13.

■ It is contended by plaintiff that the defendant was guilty of infringement in interstate commerce because of the use of slogans and statements, in which the words "Benioff's Furs" were a part, in newspaper and radio advertising. Defendant's place of business in San Francisco is a retail store. By no stretch of the imagination nor by any reasonable inference from the evidence can it be said that he was engaged in interstate commerce because of advertisements of his merchandise in a newspaper which might have been read by someone outside the state, or because over the radio, forsooth, some listener in Reno, Nevada, or Tucson, Arizona, heard the merits of defendant's stock in trade proclaimed. No authority cited, or which

we have found, supports any such contention.

Plaintiff's cause of action for trademark infringement fails on the merits.

■ This brings us to a consideration of the question: Is there federal jurisdiction of plaintiff's second cause of action for "unfair competition?" The answer is given by the Supreme Court. In Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148, wherein claim was made, in the District Court, for copyright infringement (a federal question) and also for relief for unfair competition (a local issue) *arising out of the same acts,* the court (Mr. Justice Sutherland speaking at page 246 of 289 U.S., at page 589 of 53 S.Ct., 77 L.Ed. 1148), said: "The distinction to be observed is between ·a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; *in the latter it may not do so upon the nonfederal cause of action."* (Emphasis in part supplied.)

Only upon the theory that the claim for relief in plaintiff's second cause of action is a part of the first cause of action and bottoms upon the same cause, or set of facts and circumstances, may plaintiff remain in court upon the second cause of action.

The Supreme Court amplified the doctrine of Hurn v. Oursler, supra, in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195. In the Oursler case, where the copyright was held valid and not infringed, the nonfederal claim of unfair competition was dismissed because it was a different cause of action from the federal copyright infringement cause of action. In the Nu-Enamel case, where there was one cause of action for infringement and for unfair competition with the trademarked commodity itself, the trademark was held invalid, but the court allowed recovery for nonfederal unfair competition, because the unfair competition was the same cause of action, arose out of the same acts and involved a wrong resulting

from the unfair use of the trademark. Nu-Enamel case, 305 U.S. at pages 324, 325, 59 S.Ct. 191, 83 L.Ed. 195.

The rule announced by the Supreme Court has been consistently followed by other federal courts. See Musher Foundation v. Alba Trading Co., 2 Cir., 127 F.2d 9, where a cause of action for unfair competition was dismissed for want of jurisdiction because of lack of substantial identity of proof supporting such cause of action and the cause for trademark infringement (infringement not being proved). Id.; Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16. See Warner Publication, Inc., v. Popular Publications, Inc., 2 Cir., 87 F.2d 913, where identity of proof was deemed sufficient to retain jurisdiction of an "unfair competition" count. Id.; L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272.

With half an eye, it can be clearly seen that the real controversy between the Benioffs is local, i. e., between citizens of California—formerly man and wife—with respect to competition between their respective retail establishments, one around the corner from the other. The wife, controlling plaintiff corporation, in the aftermath of bitterness of the marital quarrel, seeks to prevent the defendant from conducting a similar business under his own name. Defendant with equal vigor contests the claim. No element of trademark right or trademark infringement, either statutory or at common law, enters into the controversy at all. What the plaintiff seeks to prevent is the conduct of a business selling furs and fur garments under the name of Fred Benioff. It is a crystal-clear issue of unfair competition to be determined under California law. Days of trial were devoted to testimony and the consideration of voluminous exhibits as to the manner of conduct of business by the defendant, the appearance of his store, his methods of advertising both on the radio and by newspaper and as to confusion both with respect to customers and creditors of both concerns. All of this spells out but one issue: a local controversy grounded upon "unfair competition."

■ Plaintiff claims that the "unfair competition" cause of action stems from the same circumstance making up the first cause of action (trademark infringement cause of action) in that defendant, if he did not infringe the statutory trademark,

was guilty of unfair use of the trademark at common law. This contention is unsubstantial and without merit. The evidence conclusively shows that neither directly nor indirectly did the defendant make use of any such mark as "Benioff's Furs" or any mark simulative thereof. The mere fact that the word "Benioff" was used by the defendant as a mark upon the garments which he sold is not sufficient to sustain the claim of common law infringement inasmuch as it appears in the evidence that a number of other persons, all relatives, are also engaged in the fur business in San Francisco using the family name of "Benioff" both in the conduct of their several businesses and as identifying marks on garments sold by them.

The "unfair competition" alleged in the second cause of action does not rest in the slightest upon the infringement of the mark "Benioff's Furs", either statutorily or at common law.

▇ Plaintiff urges the inequity of dismissing the second cause of action for lack of jurisdiction. Plaintiff's counsel contend that defendant's counsel, at the beginning of the trial, admitted the court had jurisdiction. Be that as it may, the Court sua sponte raised the question, and, moreover, the Court cannot assume jurisdiction if in fact it is wanting. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. Not without appeal is the argument that all of the parties have spent a long day in court, exhaustively litigating their controversy at much expense and with extensive labors. It is unfair, plaintiff's counsel say, now that the court has heard the whole controversy, to compel retrial in the state court, thus ignoring the doctrine that equity aims to avoid a multiplicity of actions. Nevertheless federal courts may not *assume jurisdiction* upon any such basis. "The duties of this court, to exercise jurisdiction where it is conferred, and *not to usurp it where it is not conferred, are of equal obligation.*" Chief Justice Marshall in Bank of United States v. Deveaux, 5 Cranch 61, at page 87, 3 L.Ed. 38. (Emphasis supplied). Furthermore, there is a reasonable basis for inferring that plaintiff attempted to create federal jurisdiction by the belated endeavor to register the so-called trademark, some two weeks prior to the commencement of this action, well knowing at the time that the trademark had not theretofore been used, during the corporate existence of plaintiff, by either plaintiff or defendant. Hence it is that, while plaintiff's ingenious effort to gain admission to this forum implies a flattering obeisance to the administration of justice in federal courts, nevertheless "the old donkey of a question of law"[1] prevents us from resolving the difficulties of the former Mr. and Mrs. Benioff.

Judgment .on the merits in favor of the defendant on the first cause of action. The second cause of action is dismissed for want of federal jurisdiction. Defendant will recover costs. Findings may be prepared pursuant to the rules.

---

[1] Justice Oliver Wendell Holmes, Uncollected Letters, N.Y.1936, p. 164.