71 F.Supp. 813 (1947)
BELL et al.
v.
HOOD et al.
No. 2850.
District Court, S. D. California, Central Division.
May 2, 1947.
*814 A. L. Wirin, of Los Angeles, Cal., for plaintiffs.
James M. Carter, U. S. Atty., of Los Angeles, Cal., for defendants.
MATHES, District Judge.
This action was brought by Arthur L. Bell and other associates of "Mankind *815 United", on behalf of that organization and themselves as individuals, against 37 special agents of the Federal Bureau of Investigation, one policeman of the city of Los Angeles and several "John Does."
Plaintiffs pray judgment for damages alleged to have been suffered as a proximate result of (1) claimed imprisonment by defendants in violation of their constitutional right to be free from deprivation of liberty without due process of law, and (2) claimed search of their premises and seizure of their possessions by defendants in violation of plaintiffs' constitutional right to be free from unreasonable searches and seizures.
Federal jurisdiction was invoked on the ground that the action "arises under the Constitution or laws of the United States" within the meaning of § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), and the amount in controversy exceeds $3,000. Diversity of citizenship is not claimed.
Specifically, the asserted cause of action is claimed to arise under the Fourth and Fifth Amendments of the Constitution of the United States. The asserted tortious acts of the defendants are alleged to have been done "beyond their authority"; hence not qua federal officers, but as individuals.
Defendants moved to dismiss for failure to state a claim upon which relief can be granted. Or in the alternative for summary judgment on the ground that the searches and seizures were incidental to lawful arrests and therefore valid. My learned predecessor, the late Judge Jenney, did not entertain the motions, but dismissed the action for want of federal jurisdiction.
This dismissal was affirmed by the Ninth Circuit Court of Appeals. Bell v. Hood, 9 Cir., 1945, 150 F.2d 96. Certiorari was granted, Bell v. Hood, 1945, 326 U.S. 706, 66 S.Ct. 98, and the Supreme Court held (Mr. Chief Justice Stone and Mr. Justice Burton dissenting) that this court had jurisdiction and remanded the cause, saying:
"Whether or not the complaint as drafted states a common law action in trespass * * * it is clear from the way it was drawn that * * * [plaintiffs] seek recovery squarely on the ground that * * * [defendants] violated the Fourth and Fifth Amendments. * * *
"Before deciding that there is no jurisdiction, the district court must look * * * to see if * * * [the complaint] is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent `the party who brings a suit is master to decide what law he will rely upon * * *.'

* * * * * *
"Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does * * * determine that the allegations in the complaint do not state a ground for relief, then dismissal * * * would be on the merits * * *. The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim * * * clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or * * * is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned.

* * * * * *
"Whether the petitioners [plaintiffs] are entitled to recover depends upon an interpretation of 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1), and on a determination of the scope of the Fourth and Fifth Amendments' protection from unreasonable searches and deprivations of liberty without due process of law. Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction." Bell v. Hood, 1946, 327 U.S. 678, 681, 682, 683, 684, 685, 66 S.Ct. 773, 775.
Although the Supreme Court found that the case at bar does not fall within "previously carved out exceptions", it would seem that the Court has now returned to the reasoning of Mr. Chief Justice Marshall in Cohens v. Virginia, 1821, 6 Wheat. 264, 19 U.S. 264, 379, 5 L.Ed. 257: "A case in law or equity consists of the right of one party, as well as of the other, and may truly be *816 said to arise under the Constitution or a law of the United States, whenever its correct decision depends on the construction of either." Cf. Binderup v. Pathe Exchange, 1923, 263 U.S. 291, 305, 306, 44 S.Ct. 96, 68 L.Ed. 308; Smith v. Kansas City Title Co., 1921, 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577; The Fair v. Kohler Die Co., 1913, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Swafford v. Templeton, 1901, 185 U.S. 487, 493, 494, 22 S.Ct. 783, 46 L. Ed. 1005.
"Jurisdiction is the authority to decide the case either way." The Fair v. Kohler Die Co., supra, 228 U.S. 22 at 25, 33 S.Ct. 410, 411, 57 L.Ed. 716; Burnet v. Desmornes, 1912, 226 U.S. 145, 147, 33 S.Ct. 63, 57 L.Ed. 159; Fauntleroy v. Lum, 1907, 210 U.S. 230, 234, 235, 28 S.Ct. 641, 52 L. Ed. 1039. To decide whether a claim asserted under the Constitution or federal statutes is "wholly insubstantial and frivolous", a court must first ascertain whether the allegations state a cause of action on which the court can grant relief.
Standards whereby to test jurisdiction should never be needlessly vague or uncertain. Tests of original jurisdiction should be especially clear and certain. Thus, both reason and policy require that the power of federal district courts to hear and determine any case should depend upon the claim asserted, not upon the claimant's chances of recovery.
It is now settled that this court, in the exercise of its original jurisdiction, has the authority and the duty to decide whether the case at bar should be dismissed on the merits for failure to state a claim upon which relief can be granted in the federal courts.
As the opinion points out: "The issue of law is whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violating the Fourth and Fifth Amendments. That question has never been specifically decided by this Court." Bell v. Hood, supra, 327 U.S. at 684, 66 S.Ct. 776. (Emphasis added.)
Plaintiffs have now filed a motion for an order directing defendants to answer. This motion and defendants' motions to dismiss and for a summary judgment are now pending. But only the question whether the complaint states a cause of action cognizable in the federal courts has been argued and submitted. Consideration of the other motions will be unnecessary of course if the motion to dismiss be granted.
History is clear that the first ten Amendments to the Constitution were adopted to secure certain common-law rights of the people against invasion by the Federal Government. For example, the Fourth Amendment provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *."
The right to be free from unreasonable searches and seizures is a common-law right. Entich v. Carrington, 1765, 19 How.St.Tr. 1029; Boyd v. United States, 1886, 116 U.S. 616, 624-632, 6 S.Ct. 524, 29 L.Ed. 746. Thus the Fourth Amendment did not create a new right, but merely gave a pre-existing common-law right constitutional protection from invasion by the Federal Government.
Accordingly, the Fourth and Fifth Amendments do not limit state or individual action, but only federal action. Twining v. New Jersey, 1908, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Spies v. Illinois, 1887, 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80; Barron v. Baltimore, 1833, 7 Pet. 243, 32 U.S. 243, 8 L.Ed. 672. As was said in Feldman v. United States, 1944, 322 U.S. 487, 490, 64 S.Ct. 1082, 1083, 88 L.Ed. 1408, 154 A.L.R. 982: "* * * for more than one hundred years * * * one of the settled principles of our Constitution has been that these Amendments protect only against invasion of civil liberties by the Government whose conduct they alone limit." Cf. Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Hall v. United States, 9 Cir., 1930, 41 F.2d 54; Brown v. United States, 9 Cir., 1926, 12 F.2d 926.
As applied to the case at bar, then, the Fourth and Fifth Amendments only *817 limit the authority of the defendants while acting as federal officers. If it is determined that defendants' actions qua federal officers were illegal, the evidence so obtained may not be used against plaintiffs in criminal prosecutions by the Federal Government. Boyd v. United States, supra, 116 U.S. 616 at 633, 6 S.Ct. 524, 29 L.Ed. 746; Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; United States v. Bell, D.C.S.D.Cal., 1943, 48 F.Supp. 986 reversed on other grounds, 9 Cir., 1947, 159 F.2d 247.
But the Federal Government as sovereign has never consented to be sued for damages resulting from invasion of the rights protected by the Fourth and Fifth Amendments. To the contrary, since the commencement of this action, Congress has expressly denied consent to sue the Federal Government upon "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process * * *" even in cases where such torts are committed by a federal officer "while acting within the scope of his office or employment * * *." Federal Tort Claims Act, 28 U.S.C.A. §§ 921, 931, 943.
The immunity of the Federal Government from suit extends to all federal officers and agents acting within the scope of their duties as such. Kendall v. Stokes, 1845, 3 How. 87, 98, 44 U.S. 87, 98, 11 L.Ed. 506, 833; Jones v. Kennedy, 1941, 73 App. D.C. 292, 121 F.2d 40, 42, certiorari denied, 1941, 314 U.S. 665, 62 S.Ct. 130, 86 L.Ed. 532; Cooper v. O'Connor, 1939, 71 App.D. C. 6, 107 F.2d 207, 209, certiorari denied, 1939, 308 U.S. 615, 60 S.Ct. 263, 84 L.Ed. 514; Cooper v. O'Connor, 1939, 70 App.D. C. 761, 105 F.2d 761, 763; Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F.2d 135, 138, 118 A.L.R. 1440, certiorari denied, 1938, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414.
Whenever a federal officer or agent exceeds his authority, in so doing he no longer represents the Government and hence loses the protection of sovereign immunity from suit. Land v. Dollar, 1947, 330 U.S. ___, 67 S.Ct. 1009; Ickes v. Fox, 1937, 300 U.S. 82, 97, 57 S.Ct. 412, 81 L.Ed. 525; Phila. Co. v. Stimson, 1912, 223 U.S. 605, 619-620, 32 S.Ct. 340, 56 L.Ed. 570; Tracy v. Swartwout, 1836, 19 Pet. 80, 35 U.S. 80, 95, 9 L.Ed. 354.
That is the theory upon which the complaint at bar proceeds. The defendants are sought to be held as individuals, not as federal officers. But inasmuch as the prohibitions of the Fourth and Fifth Amendments do not apply to individual conduct, the Amendments themselves, when violated, cannot be the basis of any cause of action against individuals.
There being "no federal general common law", Erie R. v. Tompkins, 1938, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, before a federal court can afford a remedy in an action at law where no diversity of citizenship exists, the right or cause of action must be one given by the Constitution or a federal statute.
Plaintiffs are unable to point to any constitutional provision or federal statute giving one who has suffered an unreasonable search and seizure or false imprisonment by federal officers any federal right or cause of action to recover damages from those officers as individuals.
True, § 3281 of the California Civil Code provides that: "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." But as applied here, this California statute only means that plaintiffs have a remedy under state law, akin to a common-law action for trespass and false imprisonment, which may be enforced in the state courts.
A state statute cannot afford a remedy at bar for the reason that, absent diversity of citizenship, a cause arising under the law of a state may not be enforced in an action at law in a federal court.
Of course, as pointed out in the opinion of the Supreme Court in this case, "where legal rights have been invaded, and *818 a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell v. Hood, supra, 327 U.S. at 684, 66 S.Ct. 777; Board of Commissioners of Jackson County v. United States, 1939, 308 U.S. 343, 349, 350, 60 S.Ct. 285, 84 L.Ed. 313; Dooley v. United States, 1900, 182 U.S. 222, 228, 229, 21 S.Ct. 762, 45 L.Ed. 1074. But no federal statute can be found which "provides for a general right to sue for such invasion" as is complained of in the case at bar.
Likewise, "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." Bell v. Hood, supra, 327 U.S. at 684, 66 S.Ct. 777; Texas & N. O. R. Co. v. Ry. Clerks, 1929, 281 U.S. 548, 569, 570, 50 S.Ct. 427, 74 L. Ed. 1034; Marbury v. Madison, 1803, 1 Cranch 137, 5 U.S. 137, 162, 163, 2 L.Ed. 60. But the rights described in the Fourth and Fifth Amendments are not "federally protected" against invasion by individuals. As said before, those Amendments only "federally protect" rights from invasion by the Federal Government.
Plaintiffs rely upon decisions in "suits brought to recover damages for depriving a citizen of the right to vote in violation of the Constitution", many of which are referred to in the opinion of the Supreme Court; namely: Wiley v. Sinkler, 1900, 179 U.S. 58, 21 S.Ct. 17, 45 L.Ed. 84; Swafford v. Templeton, 1901, 185 U.S. 487, 22 S. Ct. 783, 46 L.Ed. 1005; Brickhouse v. Brooks, D.C.E.D.Va., 1908, 165 F. 534. Bell v. Hood, supra 327 U.S. at 684, 66 S.Ct. 777.
These cases involve actions for damages against state election officials acting under color of the authority of state election laws. The acts of such state officials, if wrongful, are made actionable by the Civil Rights Act which provides that: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 8 U.S.C.A. § 43.
The action at bar is not brought under the Civil Rights Act. And no cause of action is claimed against any official pretending to act under authority of state law. So the cases last cited cannot be considered as precedent for holding that plaintiffs have a federal cause of action because certain of their common-law rights which are protected in the Constitution against violation by the Federal Government have been violated by a group of individuals. Moreover, the mere enactment of the Civil Rights Act, 8 U.S.C.A. §§ 43, 47, strongly indicates that Congress did not regard the Constitution itself as providing a cause of action to individuals whose rights thereunder are violated.
Other authorities cited by plaintiffs are of no assistance here: Little v. Barreme, 1804, 2 Cranch 170, 6 U.S. 170, 2 L.Ed. 243 involved a maritime tort cognizable in this court sitting in admiralty. In Tracy v. Swartwout, 1836, 10 Pet. 80, 35 U.S. 80, 9 L.Ed. 354, Mitchell v. Harmony, 1851, 13 How. 115, 54 U.S. 115, 14 L.Ed. 75, and United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, the federal court, because of diversity of citizenship, adjudicated a cause of action arising under state law. Bates v. Clark, 1877, 95 U.S. 204, 24 L.Ed. 471, involved an action in the territorial courts arising under the laws of The Territory of Dakota. Cammeyer v. Newton, 1876, 94 U.S. 225, 24 L.Ed. 72, and Belknap v. Schild, 1896, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599, each involved a cause of action arising under the patent statutes of the United States. And American School of Magnetic Healing v. McAnnulty, 1902, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90, was a suit in equity for an injunction to restrain the Postmaster General from exceeding his authority.
If, before defendants committed the alleged acts complained of, plaintiffs here had commenced a suit in equity alleging that defendants were threatening to make unreasonable searches and seizures and to imprison *819 plaintiffs falsely, this court would clearly have had the power to issue an injunction restraining defendants from exceeding the limits of their authority as federal officers. From this, plaintiffs reason that if there exists a right in equity to enjoin a threatened invasion of rights protected by the Fourth and Fifth Amendments, it should follow that there is a federal cause of action at law for damages after the threat has become a reality.
"When a plain official duty, requiring no exercise of discretion, is to be performed, and performance is refused, any person who will sustain personal injury by such refusal may have a mandamus to compel its performance; and when such a duty is threatened to be violated by some positive official act, any person who will sustain personal injury thereby, for which adequate compensation cannot be had at law, may have an injunction to prevent it. In such cases, the writs of mandamus and injunction are somewhat correlative to each other." Board of Liquidation v. McComb, 1875, 92 U.S. 531, 541, 23 L.Ed. 623.
Thus long-established precedent holds there is ground for equitable relief when a federal officer threatens to exceed his authority. A federal court of equity will intervene to keep agents of the Federal Government within the bounds of their lawful powers. Phila. Co. v. Stimson, supra, 223 U.S. 605, at 619, 620, 32 S.Ct. 340, 56 L.Ed. 570. But this does not lend validity to the corollary urged by plaintiffs at bar.
Equity jurisdiction, as conferred by the Constitution on the federal courts, imposes the duty to adjudicate according to the equitable rules and principles recognized by the Court of Chancery in England at the time our Constitution was formed. Atlas Ins. Co. v. W. I. Southern, Inc., 1939, 306 U.S. 563, 568, 59 S.Ct. 657, 83 L.Ed. 987; Waterman v. Canal-Louisiana Bank Co., 1909, 215 U.S. 33, 43, 30 S.Ct. 10, 54 L.Ed. 80; Mississippi Mills v. Cohn, 1893, 150 U.S. 202, 205, 14 S.Ct. 75, 37 L.Ed. 1052; Payne v. Hook, 1868, 7 Wall. 425, 74 U.S. 425, 430, 19 L.Ed. 260; Pennsylvania v. Wheeling & Belmont Bridge Co., 1855, 18 How. 460, 462, 59 U.S. 460, 462, 15 L.Ed. 497.
No such broad jurisdiction was conferred on the federal courts in actions at law. As previously observed, "there is no federal general common law." Erie R. v. Tompkins, supra, 304 U.S. at 78, 58 S.Ct. 822, 82 L.Ed. 1188, 114 A.L.R. 1487.
Section 267 of the judicial Code provides that: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." 28 U.S.C.A. § 384. The fact, then, that the federal courts do afford equitable relief for threatened violations of the Fourth and Fifth Amendments lends support to the holding that there is no federal remedy at law for such violations.
Availability of a remedy at law in a state court does not affect this view, for it is settled that § 267 of the Judicial Code refers to a remedy available in the federal courts. Atlas Ins. Co. v. W. I. Southern, Inc., supra, 306 U.S. 563, at 569, 59 S.Ct. 657, 83 L.Ed. 987; Petroleum Exploration, Inc. v. Public Service Comm., 1938, 304 U.S. 209, 217, 58 S.Ct. 834, 82 L.Ed. 1294; Di Giovanni v. Camden Fire Ins. Ass'n, 1935, 296 U.S. 64, 69, 56 S.Ct. 1, 80 L.Ed. 47.
Mr. Chief Justice Stone's dissenting opinion in the case at bar predicts, on the authority of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, that "even though it be decided that * * * [plaintiffs] have no right to damages under the Constitution, the district court will be required to pass upon the question whether the facts stated * * * give rise to a cause of action for trespass under state law." Bell v. Hood, supra, 327 U.S. at 686, 66 S. Ct. 778. On the strength of this statement, plaintiffs now urge that this court must retain jurisdiction to determine the non-federal cause of action, namely, the cause of action for damages under California law, even though no federal cause of action is alleged.
The bill of complaint in Hurn v. Oursler [289 U.S. 238, 53 S.Ct. 587] alleged that defendants' presentation of a certain stage *820 play was in violation of the copyright laws of the United States and also constituted "unfair business practices and unfair competition." No diversity of citizenship existed, so federal jurisdiction was necessarily predicated upon the claimed infringement of copyright, for which federal statutes give a cause of action in the federal courts. The district court determined that the federal cause of action for infringement of copyright was without merit, and concluded that the federal courts lack jurisdiction to adjudicate the cause of action for unfair competition which arose under state law. The Circuit Court of Appeals affirmed, Hurn v. Oursler, 2 Cir., 1932, 61 F.2d 1031, but the Supreme Court held it was error not to retain jurisdiction of the cause of action for unfair competition. The Court held that "* * * where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question * * * the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the non-federal ground * * *." Hurn v. Oursler, supra, 289 U.S. at 246, 53 S.Ct. 589, 77 L.Ed. 1148.
Since Hurn v. Oursler was not an action at law but a suit in equity, the decision seems to have been prompted by those considerations which find expression in the familiar maxim  "Equity delights to do justice and not by halves." Especially so in view of the Court's statement that "the claims of infringement and unfair competition so precisely rest upon identical facts as to be little more than the equivalent of different epithets to characterize the same group of circumstances." Ibid.
A review of the decisions discloses that in practice, almost without exception, the rule of Hurn v. Oursler has been applied only in equity cases. And jurisdiction over the non-federal cause of action has been rejected even in equity cases where the facts giving rise to the federal claim were not "substantially identical" with those alleged to establish the non-federal claim. Derman v. Stor-Aid, Inc., 2 Cir., 1944, 141 F.2d 580, certiorari dismissed, 1944, 323 U.S. 805, 65 S.Ct. 25, 89 L.Ed. 643; Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895, 900, certiorari denied, 1944, 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572; Musher Foundation, Inc. v. Alba Trading Co., Inc., 2 Cir., 1942, 127 F.2d 9, certiorari denied, 1942, 317 U.S. 641, 63 S.Ct. 33, 87 L.Ed. 517; American Broadcasting Co. v. Wahl Co., 2 Cir., 1941, 121 F.2d 412; Fred Benioff Co. v. Benioff, D.C.N.D.Cal., 1944, 55 F.Supp. 393.
Thus the federal courts have interpreted Hurn v. Oursler as holding that in any case where "substantially identical" facts give rise to both a federal and a non-federal cause of action, the federal court having jurisdiction to determine the former should, if called upon, also determine the latter. In any event, the federal court cannot acquire jurisdiction over the non-federal cause of action unless the complaint also alleges a federal cause of action.
Applying Hurn v. Oursler to the case at bar, any question as to whether this court should assume jurisdiction of a cause of action for trespass and false imprisonment arising under state law can arise only if the Constitution or laws of the United States accord plaintiffs a federal cause of action.
If the complaint alleged a "federal cause of action" and a "state cause of action" so identical as to be really only two different grounds in support of a single cause of action, then the rule of Hurn v. Oursler would apply, and this court would hear and determine the state cause of action in order to dispose of the entire controversy. But the federal cause of action is entirely wanting in the complaint at bar.
"Where, as here, neither the constitutional provision nor any act of Congress affords a remedy to any person, the mere assertion by a plaintiff that he is entitled to such a remedy" does not constitute a federal cause of action. Cf. Bell v. Hood, supra, 327 U.S. at 685-686, 66 S.Ct. 778, 90 L.Ed. 939.
In assuming jurisdiction under the mandate of the Supreme Court, this court is called upon to decide "the issue of law * * * whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violating the Fourth and Fifth Amendments." Id., 327 U.S. at 684, 66 S.Ct. 776, 90 L.Ed. 939. Being of the opinion that *821 neither the Constitution nor the statutes of the United States give rise to any cause of action in favor of plaintiffs upon the facts alleged, I hold that federal courts cannot now grant such recovery. Nor does any other ground appear upon which relief can be granted to plaintiffs in this court.
Since the complaint fails to state a claim upon which relief can be granted, defendants' motion to dismiss the action will be granted.
Counsel for defendants will submit an appropriate order pursuant to local rule 7 within five days.