## BURNET *v.* DESMORNES Y ALVAREZ.

APPEAL FROM THE SUPREME COURT OF PORTO RICO.

No. 11.  Submitted October 30, 1912.—Decided December 2, 1912.

Whether prescription goes only to the remedy or extinguishes the right, it affects the jurisdiction no more than any other defense.

The judgment of a court that a right is established cannot be impeached collaterally by proof that the judgment was wrong.

The provisions of Article 137 of the Civil Code of Porto Rico of 1889 and of § 199 of the act of March 1, 1902, of Porto Rico, requiring actions to claim filiation to be commenced within prescribed periods, do not deprive the court of jurisdiction in case the action is not brought until after the prescribed period. It is a defense that must be pleaded.

This court will be slow to control the discretion of the Supreme Court of Porto Rico as to a matter wholly within its power—such as sending a case back to the lower court for further opportunity to cross-examine.

13 Porto Rico, 18, affirmed.

THE facts are stated in the opinion.

*Mr. Willis Sweet* for appellant.

No appearance for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was a proceeding by the appellees as illegitimate children of Adolfo Desmornes, deceased, to be adjudged his recognized children. The appellant answered that he was the nephew and heir of Desmornes and denied that the appellees were his children or ever were recognized as such. The District Court held that the action had prescribed under the limitations imposed upon actions of this class by the Civil Codes of 1889 and 1902. This decision was reversed by the Supreme Court on the ground that the bar to the action had not been pleaded, and a decree was entered for the appellees upon a consideration of the evidence taken below.

The case was argued in this court on behalf of the appellants only, and we shall content ourselves with discussing the argument made by them. By the Civil Code of 1889, Art. 137, actions of this kind 'can be instituted only during the life of the presumed parents,' with certain exceptions. It appears by the complaint that Desmornes died on November 2, 1905, before this suit was brought. By the statute of Porto Rico approved March 1, 1902, § 199 (Rev. Stat. and Codes, 1902, p. 821), under which the appellant says that the appellees proceed, 'An action to claim filiation may be filed at any time within two years after the child shall become of age,' &c. It appeared in evidence that the appellees became of age more than two years before this action was filed. It is urged that the words of both statutes are jurisdictional and constitute a condition precedent. It is said further that the Supreme Court of Porto Rico in later decisions has shown an inclination to recede from the doctrine of the present one; but as this case has not been overruled in terms we shall do no more than indicate why we think the decision right.

Whether prescription goes only to the remedy or extinguishes the right, it affects the jurisdiction no more than any other defence. When a court has general jurisdiction to try the question whether an alleged right exists the rules that determine the existence of the right ordinarily govern the duty only of the court, not its power. Its judgment that the right is established cannot be impeached collaterally by proof that the judgment was wrong. For instance, a common-law court ought not to give judgment for the plaintiff upon a parol promise without consideration, but if it does so the judgment is not open to collateral attack. Even words in a statute that might seem to affect the power of the court, such as 'no action shall be brought' in the Statute of Frauds, are assumed without question merely to fix the law by which the court should decide, as is explained in *Fauntleroy* v. *Lum*, 210 U. S. 230, 235. We see no reason why the ordinary rule should not apply to this case.

But it is said that, whether the statutes go to the jurisdiction or not, they establish a condition precedent. Of course all defences disclose conditions precedent to the successful maintaining of the action; but more than that must be meant, and we take the argument to be that the statute extinguishes the right if the suit is not brought in time and therefore creates a condition precedent to the right of the appellees. But that abstract proposition does not decide the case. The question before us is a question of pleading, and not every matter that may affect the existence of the right at the time of bringing suit must be dealt with by the plaintiff in stating his cause of action. A release under seal destroys a right as fully as prescription could, yet a plaintiff does not have to deny a release in his declaration. Usually, if facts have arisen since the cause of action accrued, that take it away, it is more convenient and it is required that the defendant should allege them, rather than that the plaintiff should be called.

on to deny in the first place all possible matters of that sort. *Sawyer* v. *Boston*, 144 Massachusetts, 470, 472. "For if he should do so, the declaration would be more prolix than was convenient." *Hawkings* v. *Billhead*, Cro. Car. 404. "The mere fact that the time of bringing suit goes in some sense to the jurisdiction of the court does not necessarily take the case out of the general rules of pleading." *Sawyer* v. *Boston*, 144 Massachusetts, *supra*. It would seem, as observed by the court below, that the defendant was free to renounce the objection if he saw fit. We know of no public policy that would prevent his permitting the appellees to acquire rights that earlier they were entitled to. So that on this ground as well as on that of convenience we are of opinion that the general rule of pleading applies.

The only matter remaining to be mentioned is a suggestion that the Supreme Court should have sent the case back to the lower court to give the appellant an opportunity to cross-examine the appellees, but there being no question of the power of the Supreme Court we should be slow to control its discretion on this point.

*Judgment affirmed.*