# TINKER *v.* MIDLAND VALLEY MERCANTILE COMPANY.

## ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 13.   Submitted October 30, 1913.—Decided January 5, 1914.

Under the provision in the Indian Appropriation Act of June 21, 1906, c. 3504, 34 Stat. 325, 366, making it unlawful for traders on the Osage Indian Reservation to give credit to any individual Indian head of a family for any amount exceeding seventy-five per centum of his next quarterly annuity, the burden of proof is on the person taking and attempting to enforce a note to bring his claim within the permission of the statute.

The order of pleading does not always determine the burden of proof.

While generally the payee of a note need not allege consideration in declaring upon it, if there is conflicting evidence he has the burden of proof.

*Quære,* whether the fact that a note is very largely in excess of the amount permitted to be given by statute does not constitute a *prima facie* case against the holder even if the burden were not upon him.

25 Oklahoma, 160, reversed.

THE facts, which involve the construction and application of the act of June 21, 1906, making it unlawful for traders on the Osage Reservation to give credit beyond a certain amount to Indians, are stated in the opinion.

*Mr. Charles H. Merillat* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action on a promissory note for $922.50 dated September 1, 1906, against an Osage Indian residing on

the Osage Reservation. By the Indian Appropriation
Act of June 21, 1906, c. 3504, 34 Stat. 325, 366, it was
made "unlawful hereafter for the traders upon the Osage
Indian Reservation to give credit to any individual In-
dian, head of a family, to an amount greater than seventy-
five per centum of the next quarterly annuity to which
such Indian will be entitled." This amended the previous
act of March 3, 1901, c. 832, 31 Stat. 1058, 1065, by which
the limit was sixty-per centum. The defendant demurred
and the demurrer having been overruled answered that
the note was given for a debt in excess of seventy-five per
cent. of the next quarterly annuity due to him after the
credit was extended and that the note exceeded that
amount. It appeared in evidence that the plaintiff, the
defendant in error, was a licensed trader with the Indians
and the defendant testified that he received as his quar-
terly payment forty-six dollars for each of the seven mem-
bers of his family, which would be $322—in any event
much less than $922.50. It was not shown when the
credits were given. The plaintiff demurred to the evi-
dence and the demurrer was sustained by both courts
below. 25 Oklahoma, 160.

The Supreme Court of the State put its decision on the
burden of proof, following the analogy of illegal considera-
tion. We hardly need consider whether proof that the
note was so largely in excess of the percentage then allow-
able, especially when coupled with the improbability that
the defendant ever had received in the past an annuity
so much larger as to warrant such a credit, did not con-
stitute at least a *prima facie* case. The court is of opinion
that, in view of the policy of the statute, the relative posi-
tion of the parties and the protection necessarily extended
to Indians, the burden was on the plaintiff not only to
bring his claim within the permission of the statute in
fact, as he was warned by its letter that he must, but also
to prove that he had done so, in case of dispute. He occu-

pied the position of advantage and that rather than formal logic determines the burden of proof. It may be that it lay on the defendant to plead the defense. That is a question of convenience. *Burnet* v. *Desmornes*, 226 U. S. 145, 147. But the order of pleading does not always determine the burden of proof. Generally it is not considered necessary for the payee of a promissory note to allege a consideration in declaring upon it, but if there is conflicting evidence he has the burden of proof. *Delano* v. *Bartlett*, 6 Cush. 364; *Burnham* v. *Allen*, 1 Gray, 496.

*Judgment reversed.*