**PECKHAM**

v.

**RONRICO CORP. et al.**

No. 4761.

United States Court of Appeals
First Circuit.

April 13, 1954.

Jay E. Darlington, Hammond, Ind., for appellant.

Carlos J. Faure, San Juan, Puerto Rico (Earle T. Fiddler and Jose G. Gonzalez, San Juan, Puerto Rico, on brief), for all appellees except Lorenzo Oliver and Eugenio Canals.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from an order, D.C., 14 F.R.D. 181, denying a motion to intervene in a case previously considered by this court, 1948, 171 F.2d 653. Our prior opinion makes it unnecessary to restate the facts. It will suffice for present purposes only to summarize the proceedings.

In a complaint filed in the court below in May 1946, R. E. Peckham, a citizen of Indiana and the assignee of two unsatisfied judgments against Sol Meyer, deceased, one obtained in Indiana and the other obtained on that judgment in the United States District Court for the Southern District of Florida, seeks satisfaction of his judgments out of certain shares of stock in a Puerto Rican corporation, the defendant Ronrico Corporation, held by the Ferd S. Meyer Puerto Rican Trust, on the theory that those shares constitute assets of Sol Meyer's estate available to his creditors.

The defendants answered the complaint and then filed a motion for summary judgment which they supported by affidavits. In response the plaintiff filed what he called a verified answer, and also a counter affidavit, in reply to which the defendants filed further affidavits correcting conceded errors in their earlier ones and also changing their story in certain respects. The District Court, after giving the plaintiff an opportunity, of which he availed himself, to file further affidavits and to disclose the names of the persons whose depositions he wished to take and what, generally, he proposed to show thereby, finally on August 9, 1947, granted the defendants' motion for summary judgment on the pleadings and the affidavits without taking any oral testimony. D.C., 7 F.R.D. 324. On appeal this court reversed on the ground that conflicts between the plaintiff's final affidavit filed by leave of court and the defendants' affidavits, and also conflicts between the two sets of affidavits filed by the defendants, made it impossible to say that there was no genuine issue as to any material fact. Consequently we vacated the judgment from which that appeal was taken and remanded the case for further proceedings not inconsistent with our opinion.

Our mandate went down on February 1, 1949, and on March 9, following, the present motion to intervene accompanied by an "Intervening Claim," [1] so called, was filed in the court below. The moving party is the same R. E. Peckham who is plaintiff in the original action. But he attempts to intervene in another capacity, that is to say, in the capacity of assignee in trust of an unsatisfied Florida judgment obtained in December 1932 against Sol Meyer's son, the defendant Ferd (Ferdinand) S. Meyer.

Peckham rests his claim to intervene on statements made in the first set of affidavits filed by the defendants in sup-

---

[1] This "Intervening Claim" is substantially the same as a document entitled "Second, Intervening Claim," filed by the plaintiff in the District Court on July 21, 1947, twenty days after that court's opinion, but never acted upon because about two weeks later the District Court granted the defendants' motion for summary judgment thereby leaving no case pending in that court in which the plaintiff could intervene until receipt of our mandate on February 3, 1949.

port of their motion for summary judgment. He says that the defendants in attempting to show by those affidavits that the shares of stock in Ronrico Corporation involved did not belong to Sol Meyer, as alleged in the complaint, inadvertently disclosed that a 30% interest in those shares had in fact belonged since the spring of 1933 to his son Ferd, and that Ferd had fraudulently concealed that interest from his creditors when he subsequently went through bankruptcy.[2] Furthermore he says that Ferd "actively concealed" his fraud upon his creditors so that it did not become known to Peckham, or to his predecessors in title to the judgment, until the defendants filed their first set of affidavits in support of their motion for summary judgment on January 7, 1947. Wherefore Peckham contends that it cannot be said that his petition to intervene was untimely, for the so-called Second, Intervening Claim mentioned in footnote 1, wherein Peckham first made his present contention, but which was not acted upon because the District Court granted the defendant's motion for summary judgment, was filed only about six months after the defendants' first set of affidavits.

There is no present occasion to detail the complicated transactions between the members of the Meyer family and their friends and associates for the last twenty odd years alleged in the complaint and the intervening claim which Peckham says show the fraudulent concealment of assets of the Meyer family, and the alternate switching and concealing of those assets between the father Sol and the son Ferd and their agents, friends, relatives and associates for the purpose of concealing them alternately from Peckham as the judgment creditor by assignment of Sol described in the complaint, and from Peckham as the judgment creditor by assign-

ment of Ferd described in the Intervening Claim. It will be enough to say that if the allegations in the Intervening Claim are established upon trial and those in the complaint are not, or are established only in part, then indeed a 30% interest in the Ronrico shares involved will not be available to satisfy Peckham as Sol's judgment creditor, but will be available to satisfy him as Ferd's judgment creditor. In this situation Peckham asserts that his presence in the case as an intervenor is necessary to prevent the loss which would result to him in his capacity of a judgment creditor of Ferd's from a judgment for the defendants in the principal action on the ground that Sol's creditors had no interest in the asset in dispute. Furthermore he says that his presence in the case as an intervenor will permit a fair division of the interest in the Ronrico stock involved in the event that he is found entitled to recover in both of his capacities and the asset is, as alleged, insufficient to satisfy both his judgments in full.

The District Court, however, denied Peckham's motion to intervene and he took this appeal. The defendants then moved in this court to dismiss the appeal on the ground that Peckham is not entitled to intervene as of right under section (a) of Rule 24, F.R.C.P., 28 U.S.C., but can do so only in the discretion of the court below under section (b) of the Rule, wherefore the order denying leave to intervene is interlocutory and hence not appealable under Title 28 U.S.C. § 1291. We postponed action on the motion to dismiss and directed argument on it at the hearing on the merits.

In the view we take of the case it will not be necessary to give separate consideration to the appellees' motion to dismiss the appeal, for we are of the opinion that Peckham has established an absolute right to intervene under Rule

2. Ferd was adjudicated a bankrupt on his own petition in the fall or winter of 1933 and was discharged in the spring of 1934. Peckham concedes that Ferd's discharge in bankruptcy bars collection of the judgment of December 1932 from him personally or from his general assets. But he says that Ferd's concealment of his interest in the stock of Ronrico from his creditors in bankruptcy renders that particular property subject to the satisfaction of his pre-bankruptcy debts. See 1 Collier on Bankruptcy, § 17.27.

24(a) (3), and from this it follows that the order of this court below denying him that right "has the degree of definitiveness. which supports an appeal therefrom." Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 1947, 331 U.S. 519, 524, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646.

But before we take up the merits of this appeal we may as well consider a jurisdictional argument advanced by the appellees in support of the District Court's order denying Peckham leave to intervene.

Process, apparently, was served locally upon the defendants named in the complaint who were either inhabitants of or were found within the District of Puerto Rico. The non-resident defendants were served outside the district in accordance with an order for substituted service issued by the court below pursuant to the provisions of 28 U.S.C. (1946) Ed. § 118, § 57 of the Judicial Code, now Title 28 U.S.C. § 1655. All of the defendants answered on the merits and the non-resident defendants in their answers also challenged the court's jurisdiction on the ground that the suit was not one to enforce any sort of claim to, or to remove any sort of encumbrance or cloud upon, the title to property within the district where the suit was brought, so that the court's order for substituted service was not authorized by the statute.[3] Wherefore, contending that the non-resident defendants are indispensable parties, the defendants say that the order of the court below denying intervention can be supported for the reason that the court had no jurisdiction over the original suit, with the result that there is no suit legally before the court in which Peckham as the assignee of Ferd's judgment creditors, or indeed anyone else, can intervene.

As already appears, the defendants after answering filed a motion for summary judgment which was granted below but reversed on appeal. Perhaps it might be successfully argued that the defendants by filing their motion for summary judgment necessarily appeared voluntarily and submitted to the jurisdiction of the court. We pass over the question, however, without actually deciding it because it has not been argued and we are of the view that the non-resident defendants' assertion of lack of jurisdiction has no merit.

■ Peckham did not merely bring a suit in Puerto Rico on two judgments returned elsewhere against Sol Meyer as the appellees seem to assume. Instead, claiming status as a judgment creditor of Sol's by assignment he sought in his complaint to obtain satisfaction of his judgments out of shares of stock in a Puerto Rican corporation which he says were acquired by Sol with assets which he had fraudulently concealed from his creditors. Likewise, in his intervening claim, Peckham is seeking to satisfy a judgment which he holds, also by assignment, against Ferd Meyer out of a 30% interest in the same shares involved in his complaint which he says, if not acquired by Sol as alleged in the complaint, was acquired by Ferd with assets which he in turn had fraudulently concealed from his creditors. Thus Peckham's original action, and also his claim to intervene, are suits at least in the nature of creditor's bills, or suits to follow assets fraudulently concealed, for in both he is seeking to follow assets through various transmutations into shares, or an interest in shares, in a local corporation for the purpose of subjecting those shares, or an interest in them, to the satisfaction of his judgments. It seems to us clearly to follow from these considerations that Peckham, both as plaintiff and as petitioner for intervention, is seeking to enforce an equitable lien upon or claim to those shares.

■ And the Supreme Court of the United States in Jellenik v. Huron Copper Mining Co., 1900, 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647, considering Michigan statutes comparable in their

---

3. The defendants did not and cannot question, indeed in their brief they concede, federal jurisdiction insofar as it rests upon the diversity of the citizenship of the parties and the value of the matter in controversy.

pertinent provisions to the corporation law of Puerto Rico [4] (which does not include the Uniform Stock Transfer Act) held that shares in a corporation are personal property located for the purposes of a suit to determine title to the shares in the state which created the corporation. See also Am.Law Inst., Restatement Conflict of Laws, § 53(1) and Comment (a). Thus Peckham's original suit was instituted to enforce an equitable lien upon or claim to personal property located within the district where the suit was brought, and from this it follows, in accordance with the holding of the Supreme Court in the Jellenik case, that the non-resident defendants were amenable to substituted service under the statute.

We come now to the basic question on this appeal.

Rule 24(a) (3), F.R.C.P., under the subtitle "Intervention of Right", provides that anyone upon timely application shall be permitted to intervene in an action "when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

We have already pointed out that the subject matter of the suit, and also of the claim to intervene therein, is shares, or an interest in shares, of Ronrico Corporation, and that because Ronrico was incorporated in Puerto Rico those shares under the decision in the Jellenik case are personal property within the jurisdiction of the court below. There can be no doubt, therefore, and indeed it cannot seriously be disputed, that those shares are property which is subject to the control or disposition of that court in the litigation pending before it.[5] The question then is whether Peckham in the role of applicant for inter-

vention "is so situated as to be adversely affected by a distribution or other disposition" of that property.

The District Court held that he was not, primarily for the reason that local statutes of limitations had run on the Florida judgment of 1932 upon which he rested his claim to intervene. It said that Peckham as applicant to intervene "cannot lawfully claim that he would be adversely affected by any order or decree cutting off any rights he may allege to have in and to the res in controversy, for applicant has no rights flowing from the 1932 judgment against Ferd S. Meyer, the same being prescribed by lapse of time. It is well settled that no action can be brought on a judgment if the statute of limitations of the forum has run." [14 F.R.D. 182.] We feel constrained to disagree.

■ In the first place the defendants did not mention any statute of limitations in their pleading in response to the plaintiff's motion for leave to intervene. They asserted only laches which is quite another matter. And the Supreme Court of the United States, long before Rule 8(c), F.R.C.P., was adopted, in Burnet v. Desmornes, 1912, 226 U.S. 145, 33 S.Ct. 63, 57 L.Ed. 159, affirmed a decision of the Supreme Court of Puerto Rico holding that prescription by statute is an affirmative defense which must be pleaded.

■■ Perhaps this is all that needs to be said. But since the pleadings may still be amended we think it well to point out once more that Peckham is not suing on foreign judgments in either of his roles, but in both of them is asserting a fraudulent concealment of assets, and in his motion for leave to intervene he alleges that Ferd's fraud did not become known either to him or to his predecessors in title to the 1932 judgment against Ferd until January 1947, when

4. Private Corporations Act of 1911, as amended (Code of Commerce, 1932 Ed., Appendix p. 327) §§ 13, 20.

5. The decision of this court in Cameron v. President and Fellows of Harvard College, 1 Cir., 1946, 157 F.2d 993, upon which the appellees rely, is not in point

because it was decided before the effective date of the amendment of Rule 24 (a) to cover property "which is * * * subject to the control or disposition" of the court in addition to "property which is in the custody * * * of the court or an officer thereof."

the defendants filed their first set of affidavits in support of their motion for summary judgment. Thus the local statutes of limitation did not begin to run until that date, for this court held in Lopez v. Gautier, 1 Cir., 1930, 41 F.2d 914, that the rule in Puerto Rico as elsewhere is that in fraud cases time does not begin to run in favor of a defendant until the fraud is either actually discovered or with reasonable diligence could have been discovered. And the plaintiff first asserted Ferd's fraud well within the minimum time limited for suit by any local statute which could possibly apply.

Since we cannot see how Peckham as Ferd's judgment creditor can escape being adversely affected to at least some extent from a disposition of the shares in Ronrico pursuant to a judgment for the defendants on the complaint, it follows that Rule 24(a) (3) applies and Peckham is entitled to intervene as a matter of right.

The order of the District Court is vacated and the case is remanded to that Court for further proceedings not inconsistent with this opinion.