Eusebio **DE JESUS GERENA** on behalf of Carmen M. De Jesus, Soc. Sec. Acc. No. 582–26–5893, Plaintiff,

v.

Hon. Marion B. **FOLSOM,** Secretary of Health, Education and Welfare, Defendant.

Civ. No. 172–57.

United States District Court
D. Puerto Rico,
San Juan Division.

May 13, 1958.

Faustino Aponte, Humacao, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on plaintiff's motion for summary judgment.

I

The action herein was timely filed in this Court pursuant to Sec. 205(g) of the Social Security Act as amended, Title 42 U.S.C.A. § 405(g), by Eusebio de Jesus Gerena, on behalf of his daughter Carmen M. de Jesus, to obtain a review of the final decision of the Secretary of Health, Education and Welfare of the United States, made after a hearing to which said plaintiff, in his aforesaid capacity, was a party.

By the final decision of the Secretary, under review herein, the latter disallowed an application by plaintiff, on behalf of his minor daughter Carmen M. de Jesus for "child's insurance benefits" under

Sec. 202(d) of the Social Security Act as amended, Title 42 U.S.C.A. § 402(d).

As part of his answer the Secretary, pursuant to Sec. 205(g) of the Act (Title 42 U.S.C.A. § 405(g)) has filed a certified copy of the transcript of the record including the evidence upon which he allegedly based the findings and decision complained of.

■ Under the above cited section of the Act, the court's function in the present action, as per the questions raised by the parties, must be limited to entering, upon the pleadings and the transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for rehearing.

## II

In the Secretary's findings of fact and in his decision, it is conceded that the applicant-plaintiff qualifies in all other respects for "child's insurance benefits" under the Act. The rationale of the Secretary's disallowance of the application is that under the law of Puerto Rico, the child, Carmen M. de Jesus, "could not inherit the intestate personal property of the claimant," and, therefore, is "not his child within the meaning of the Social Security Act".

## III

From the transcript of the record of the proceedings before the defendant Secretary and his decision under review herein, attached to his answer in this action, it unequivocally appears:

(1) That Carmen M. de Jesus, in whose behalf the application for child's insurance benefits was filed with the Secretary, and in whose behalf the complaint herein has been filed, was born on December 1, 1942, of the relationship between Eusebio de Jesus Gerena and Candida Lebron. Her birth was registered in the Bureau of Vital Statistics of Puerto Rico on December 9, 1942 as being the issue of said couple.

(2) At the time of said birth the child's mother was lawfully married to Juan Martinez Cruz since February 1, 1919 and that they were not divorced until August 12, 1955.

(3) On July 8, 1950 Eusebio de Jesus Gerena filed an affidavit with the Bureau of Vital Statistics in Humacao, Puerto Rico, recognizing the child as his own.

(4) After his divorce, Juan Martinez Cruz, former husband of Candida Lebron, brought an action in the Superior Court of the Commonwealth of Puerto Rico, Humacao Section, against said Candida Lebron, her daughter Carmen M. de Jesus, assisted by her aforesaid mother and against her natural father Eusebio de Jesus Gerena, challenging the status of said child Carmen M. de Jesus, as his legitimate daughter and alleging: (a) that at the time the child was conceived and born, he had been already separated from her mother, his former wife Candida Lebron, for several years and had had no marital relations of any kind with her since said separation; (b) that said child was the issue of marital relations between said Candida Lebron and Eusebio de Jesus Gerena and that she was born while the latter were living in concubinage as husband and wife, and is their daughter; that in his prior suit for divorce against Candida Lebron on 7/8/55 he at no time alleged that he had any children with said Candida Lebron; and requesting that it be declared, adjudged, and decreed that said child was not his legitimate child, and that his presumptive status as such be set aside and declared null and void. Upon a trial on the merits, at which the District Attorney for the District appeared in the public interest of the Commonwealth of Puerto Rico, the court declared, adjudged and decreed that the child is not the legitimate child of the plaintiff and of Candida Lebron, but that she is indeed the child of the defendant Candida Lebron and of co-defendant Eusebio de Jesus Gerena, procreated by the latter two while living in concubinage as husband and wife. It must be assumed that the Humacao Court had duly acquired jurisdiction over the persons of all the defendants when it tried the action on the merits and entered the afore-

said judgment. The decision under review herein does not question this jurisdictional point.

It does not appear from said transcript of the record that the defendants, in the aforesaid action before the Humacao Court, raised or alleged therein as an affirmative defense that the action had been barred by the running of the period of limitation fixed in Sec. 117 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. § 465) or had in any other way been barred under any other statutory provisions whatsoever.

The Referee's decision of February 21, 1957, which has been adopted by the Secretary and must be considered as the final decision under review, is wholly predicated on a supposed lack of jurisdiction of the Humacao Court to render the judgment above referred to. The Referee's rationale in said decision is the following (I quote):

> "The referee has carefully considered all of the foregoing evidence, and all the other evidence in this case, and must find under that evidence that under the law of Puerto Rico, the child, Carmen M. de Jesus, could not inherit the intestate personal property of the claimant, and, therefore, is not his child within the meaning of the Social Security Act.

> "The referee has carefully examined the law of Puerto Rico and finds the law of that jurisdiction to be that there is a presumption of legitimacy of a child born to one in lawful wedlock. The child is presumed to be the legitimate child of the legal husband.

> "The law of Puerto Rico further provides, however, that the presumption of legitimacy can only be overcome as a result of a judicial proceeding. Under Section 116 of the 1930 edition of the Civil Code of Puerto Rico [31 L.P.R.A. § 464], legitimacy can be disputed only by the husband or his legitimate heirs. The legal husband, the child in ques-

tion, and the alleged natural father, are indispensable parties to any action wherein the presumption is disputed. Under Section 117 of the Code, however, the action to contest the legitimacy of the child must be instituted within three months after the inscription of the child in the register, if the husband be in Puerto Rico, or after 6 months if he should be abroad, reckoning from the time of his knowledge of the birth.

> "Under the foregoing provisions of law it appears, therefore, that the legal husband could be successful in an action to contest the legitimacy of the child only if his action was brought within three months after the registration of the child. The evidence shows that the birth was registered on December 9, 1942, and the affidavit recognizing the child was filed by the claimant on July 8, 1950. Those events occurred more than six years prior to the husband's action in opposition to legitimacy status. The referee must conclude, therefore, that the court did not have jurisdiction to render the judgment it did and that under the law of Puerto Rico the child could not inherit the intestate personal property of the claimant as his child. She, therefore, was not his child within the meaning of the Social Security Act.

> "It is the decision of the referee that the claimant, Eusebio de Jesus Gerena, is not entitled to child's benefits on behalf of Carmen M. de Jesus."

With this rationale I do not agree.

### IV

The statute of limitations is a defense to be affirmatively pleaded, and is no bar to the jurisdiction of the court unless so pleaded. A judgment or decree cannot be collaterally assailed, as the Referee attempts to do in his decision, on the basis of the limitation of an action where the defense does not appear

**420**

to have been raised or pleaded in the action.

See the opinion of Mr. Justice Holmes in Burnet v. Desmornes, 226 U.S. 145, 33 S.Ct. 63, 57 L.Ed. 159, a filiation case from Puerto Rico.

See also: Peckham v. Ronrico Corp., 1 Cir., 211 F.2d 727, at page 731, headnote 3.

■ As defendant was in error in concluding that the institution before the Humacao Court, after the expiration of the period of limitations, of the action to overcome the presumption of legitimacy deprived said court of jurisdiction to try and decide said action, even though no defense in this connection appears to have been alleged or raised in the action, and as in other respects the record supports plaintiff's right to "child's insurance benefits" under the act (see Gonzalez v. Hobby, D.C., 110 F.Supp. 893), the plaintiff is entitled to a summary judgment as a matter of law and it is so ordered.

### Summary Judgment

It appearing from the pleadings, from the certified copy of the transcript of the record including the evidence, upon which the findings and decision complained of are based and which were attached to defendant's answer, that there is no genuine issue as to the only material fact that the minor Carmen M. de Jesus, in whose behalf this action was initiated by her plaintiff-father Eusebio de Jesus Gerena, is entitled to "child's insurance benefits" under Sec. 202(d) of the Social Security Act as amended (Title 42 U.S.C.A. § 402(d)), that the defendant in his decision under review herein, was in error in disallowing her application therefor, and that said plaintiff is entitled to a judgment as a matter of law,

It is ordered, adjudged and decreed that defendant's decision under review herein be, as it is hereby reversed and that the cause be sent back to the defendant with the direction that he enter a new decision consistent with the terms of this judgment allowing plaintiff's application for "child's insurance benefits" to his minor daughter Carmen M. de Jesus under Sec. 202(d) of the Social Security Act as amended, Title 42 U.S. C.A. § 402(d).