**R. E. PECKHAM, etc., Appellant,**

v.

**RONRICO CORPORATION et al.,**
**Defendants, Appellees.**

**No. 5596.**

United States Court of Appeals
First Circuit.

April 11, 1961.

Jay E. Darlington, Hammond, Ind., for appellant.

Jose G. Gonzalez, San Juan, P. R., with whom Ruben Rodriguez-Antongiorgi and Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., were on brief, for appellees.

Before WOODBURY, Chief Judge, MARIS,* Senior Circuit Judge, and HARTIGAN, Circuit Judge.

WOODBURY, Chief Judge.

This is another appeal in protracted litigation in this court and in the United States District Court for the District of Puerto Rico.[1] This time appeal is taken from a judgment dismissing the plaintiff-appellant's complaint and intervening claim with prejudice and ordering entry of judgment for the defendants, with costs, and also from a subsequent order of the court below denying the appellant's motion as plaintiff and intervenor for a new trial. The only relief the appellant seeks is a new trial, presumably before another judge, on the ground that the judge who tried the case had a personal bias and prejudice against the appellant and his counsel and in favor of the defendants.

After the mandate in accordance with this court's opinion of April 13, 1954 (211 F.2d 727), went down on May 17, several motions of one sort or another were filed in the court below and orders entered thereon, and on September 29, 1954, the defendants moved that a date be set for trial. Acting in response to that motion the court on the same day set the case for trial on December 6, 1954. The plaintiff and intervenor filed an opposition to this motion and the court after hearing on October 29, set its previous order aside and fixed February 21, 1955, as the date for trial.

During the summer and fall of 1954 the plaintiff and intervenor filed a number of motions for inspection of the defendants' records many of which after hearing were acted upon favorably in whole or in part. Then, on January 10, 1955, the plaintiff and intervenor filed a motion under Title 28 U.S.C. § 144 for the judge to disqualify himself for bias and prejudice with a supporting affidavit and certificate of counsel as the section requires.[2] Two grounds for the motion were asserted in the affidavit filed in its support. One was that the court had manifested hostility to the appellant in the opinion which it had filed nearly two years before on March 31, 1953 (14 F. R.D. 181), denying his motion to intervene and which came before this court on his last appeal, Peckham v. Ronrico Corp., 1 Cir., 1954, 211 F.2d 727. The other was that like hostility on the part of the judge was shown by his remarks in the course of a hearing on November 22, 1954, on opposed motions of the plaintiff and intervenor for inspection of certain documents in the defendants' possession. The court below denied the motion for disqualification as both untimely and insufficient and ordered the affidavit in support of the motion stricken as scandalous. The trial then proceeded on schedule.

The plaintiff and intervenor took forty trial days to present his case in the court below. He alleges on this appeal that during that time the court evidenced such hostility to him and to his counsel and such partiality for the defendants that he was deprived of a fair trial in violation of his constitutional rights.

We think the appellant's motion for disqualification was properly denied by the court below. There is no

---

* Sitting by designation.

1. See Peckham v. Ronrico Corp., 1 Cir., 1948, 171 F.2d 653; Peckham v. Ronrico Corp., 1 Cir., 1954, 211 F.2d 727.

2. Alternatively, the judge was asked voluntarily to disqualify himself pursuant to Title 28 U.S.C. § 455. Relief under this section is not pressed and the section is so obviously inapplicable that no further notice of it needs to be taken.

need to pause to point out the insufficiency of the affidavit filed in support of the motion insofar as concerns allegations of bias and prejudice based on the language used by the court in its opinion of March 31, 1953. It is enough to say that § 144 makes timely filing of affidavits of bias and prejudice of the essence for the obvious purpose of preventing their use as a device to obtain last minute postponements of trial and to prevent a litigant from sampling the temper of the court before deciding whether or not to file an affidavit of prejudice [3] and that the present affidavit, insofar as it relates to the statements in the district court's opinion, which it is said contained statements of the court showing its hostility to the appellant and his counsel, was clearly filed far too late. The time to question the court's statements in its opinion was on the appeal from the order entered in accordance with that opinion which, indeed, the appellant did, although this court did not regard the contention as having sufficient basis even to warrant mention. Having raised the question once the appellant cannot raise it again.

The charge that the court below exhibited bias and prejudice in remarks made at the hearing on November 22, 1954, on the plaintiff's and intervenor's motion for disclosure, if timely, impresses us as simply frivolous. We cannot, of course, tell the judge's tone of voice from the record. But what the court said gives no indication that the court harbored any disqualifying bias or prejudice whatever.

The same may be said with respect to the remarks made by the court during the course of the plaintiff's and intervenor's presentation of his case. This consumed many trial days of a busy court, the case had been pending for years and the docket entries and such parts of the transcript of the trial as are reproduced in the record appendix indicate that perhaps counsel for the plaintiff and intervenor had not proceeded as diligently as he might in bringing his case to trial and in presenting his evidence. These circumstances would justify the court in sometimes speaking sharply in an effort to expedite the trial and to induce plaintiff's and intervenor's counsel to come to the critical point of his case. A careful examination of the appellant's record appendix does not show that the court below ever went so far as to exhibit any disqualifying bias and prejudice. The assertion that the court exceeded proper bounds in its remarks is frivolous.

Judgment will be entered affirming the judgment of the District Court.

3. See In re United Shoe Machinery Corp., 1 Cir., 1960, 276 F.2d 77, 79.