**Jane I. HARTMAN, Appellant,**

v.

**Fred J. LAUCHLI, Trustee of Hartman Corporation of America, Appellee.**

No. 16929.

United States Court of Appeals
Eighth Circuit.

June 20, 1962.

William J. Becker, Clayton, Mo., for appellant.

Kenneth Teasdale and Charles E. Dapron of Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., for appellee.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

Jane I. Hartman, one of the defendants in the District Court in the action of Fred J. Lauchli, Trustee of Hartman Corporation of America (a corporation), Bankrupt, vs. Milton D. Hartman, et al., has appealed from an order filed October 6, 1961, denying the defendants' motion of July 21, 1958, under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the final judgment entered against the defendants on Count VII of the Complaint.

The factual background of this controversy between the Trustee in Bankruptcy of the Hartman Corporation and the Hartmans has been stated in great detail in the opinion of this Court in Hartman v. Lauchli, 8 Cir., 238 F.2d 881, and will not be repeated.

Lauchli, Trustee, on December 20, 1948, brought an action against the Hartmans in the District Court to recover monies alleged to have been transferred to them by the bankrupt corporation in fraud of its creditors. Counts VI and VII of the Complaint in the Trustee's action were claims for monies diverted from the bankrupt, without consideration and in fraud of its creditors, to the members of an allegedly fictitious Hartman family partnership known as American Electrical Products Company. The District Court, after a trial, entered a judgment in favor of the Trustee upon the claim stated in Count VI, for $421,469.21 ($307,641.76 plus interest), because of monies diverted to the defendants between September 2, 1943, and February 5, 1945. The court entered judgment in favor of the Trustee upon Count VII, for $150,372.97 ($109,761.29 plus interest), because of monies diverted to the defendants between February 2, 1945, and January 31, 1946. On appeal, this Court affirmed the judgment of the District Court as to Count VII, holding that the Government was an existing creditor of the Hartman Corporation between February 2, 1945, and January 13, 1946. The judgment on Count VI was reversed and the "cause as to Count 6" was "remanded for a new trial." This because the bankrupt had not been shown to have had any creditors during the period September 1, 1943, to July 15, 1944.

It is the judgment on Count VII, which was affirmed by this Court on appeal and which the Supreme Court declined to review on certiorari (353 U.S. 965, 77 S.Ct. 1048, 1 L.Ed.2d 915), that the defendants asked the District Court to vacate.

There can be no question that the affirmance by this Court of the judgment of the District Court on Count VII conclusively and finally established (after the Supreme Court had denied certiorari) that the United States during the period referred to in that Count was, by virtue of matured tax claims against the bankrupt, a creditor with a provable debt, and that the diversion of funds by the bankrupt was in fraud of creditors and recoverable by the Trustee.

■ The appellant contends that the ruling that the United States was a creditor was erroneous. But if that were so, what of it? The District Court and this Court unquestionably had jurisdiction to decide that issue. They decided it. Jurisdiction to decide is jurisdiction to make wrong, as well as right, decisions.[1]

■ Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under that Rule.[2]

■ What we have said is not to be construed as any indication that we think the decision with respect to Count VII was in fact erroneous. The District Court obviously did not err in denying the motion of the defendants to vacate and set aside the final judgment in this case. Moreover, after this Court had affirmed the judgment of the District Court on Count VII, that court, without

1. Fauntleroy v. Lum, 210 U.S. 230, 234–235, 237, 28 S.Ct. 641, 52 L.Ed. 1039; Burnet v. Desmornes y Alvarez, 226 U.S. 145, 147, 33 S.Ct. 63, 57 L.Ed. 159; Lamar v. United States, 240 U.S. 60, 64–65, 36 S.Ct. 255, 60 L.Ed. 526; Pope v. United States, 323 U.S. 1, 14, 65 S.Ct. 16, 89 L.Ed. 3.

2. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387; Berryhill v. United States, 6 Cir., 199 F.2d 217, 219; Elgin Nat. Watch Co. v. Barrett, 5 Cir., 213 F.2d 776, 779–780; Collins v. City of Wichita, Kansas, 10 Cir., 254 F. 2d 837, 839; United States v. Failla, D.C. N.J., 164 F.Supp. 307, 312–313; Ackermann v. United States, 340 U.S. 193, 197–198, 71 S.Ct. 209, 95 L.Ed. 207.

the consent of this Court, could not have disturbed the judgment.[3] The motion to vacate might well have been denied on the authority of Thornton v. Carter, 8 Cir., 109 F.2d 316.

The order appealed from is affirmed.

3. Tribble v. Bruin, 4 Cir., 279 F.2d 424, 427; Price v. United States, D.C.E.D.Va., 195 F.Supp. 203; 7 Moore's Federal Practice (2d Ed.) 339-341; Butcher & Sherrerd v. Welsh, 3 Cir., 206 F.2d 259, 261-262.