**GENERAL TIRE & RUBBER COM-
PANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 71-1165.

United States Court of Appeals,
First Circuit.

Heard Nov. 2, 1971.

Decided Nov. 22, 1971.

---

Jeffrey A. Belkin, Cleveland, Ohio, with whom Louis S. Belkin and Belkin, Belkin & Goldstein Co., L. P. A., Cleveland, Ohio, were on the brief, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, with whom Peter G. Nash, Gen. Counsel, Warren M. Davison, Deputy Asst. Gen. Counsel, and William H. Du Ross, III, Atty., were on the brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a petition brought by an employer to review a finding of a section 8(a) (1) violation, 29 U.S.C. § 158(a) (1), by the National Labor Relations Board. The facts are these. After a period of unsuccessful bargaining, the production employees of General Tire & Rubber Company went on strike. The company thereupon decided to transfer all but a handful of its clerical employees to production work. On the first morning of the strike the production union established a picket line. One Hill, a clerical employee, passed through the line. On reaching her place of work she was told to report for production. She refused, stating that her husband, who was employed by another company, was a union man; that she sympathized with the strikers, and would not do struck work. The company insisted. A discussion ensued, in which Hill was finally told that if she did not do production work the company would "show [her] the door." She thereupon left the plant and promptly filed the present unfair labor practice charge. The Board found that her discharge was improper.[1]

The company concedes, as it must, that if Hill had failed to cross the picket line, that is to say, had refused to enter the plant, she would have had the rights of an economic striker and not been subject to discharge. N L R B v. Union Carbide Corp., 4 Cir., 1971, 440 F.2d 54, cert. denied 404 U.S. 826, 92 S. Ct. 58, 30 L.Ed.2d 55; N L R B v. Southern Greyhound Lines, 5 Cir., 1970, 426 F.2d 1299. Its first position is that, comparable to Caesar's crossing the Rubicon, she committed herself when she crossed the line. Whether this contention would have had validity if the company had proved that she knew, when she crossed, that she would be obliged to do production work, we need not determine, as the company failed to establish such knowledge.[2] Cf. Virginia Stage Lines v. N L R B, 4 Cir., 1971,

---

1. Before us the company persists in its assertion that Hill quit voluntarily rather than was discharged. The contention that the Board's finding of discharge is unsupported on the evidence is too frivolous to warrant discussion.

2. It does not appear that the company assigned as error the trial examiner's declination to resolve that issue.

441 F.2d 499, cert. denied 404 U.S. 856, 92 S.Ct. 105, 30 L.Ed.2d 98; N L R B v. Kit Mfg. Co., 9 Cir., 1964, 335 F.2d 166, cert. denied 380 U.S. 910, 85 S.Ct. 894, 13 L.Ed.2d 797. It should be obvious that she should not have been required to take a position until the full facts were brought home to her. Having assumed the contrary, the company's brief proceeds to argue that Hill was necessarily guilty of "insubordination." We do not agree.

■ Alternatively, the company maintains that it had the right to discharge because Hill's willingness to do clerical work meant that she was not truly a striker, but only a "partial striker," and that this is impermissible. We quite agree that an employee cannot do only part of her work, and be a partial striker in that sense. *See* Home Beneficial Life Ins. Co. v. N L R B, 4 Cir., 1947, 159 F.2d 280, cert. denied 332 U.S. 758, 68 S.Ct. 58, 92 L.Ed. 344; Montgomery Ward & Co. v. N L R B, 8 Cir., 1946, 157 F.2d 486. The company offers no authority suggesting that an employee's willingness to do her regular work justifies its compelling her, on penalty of discharge, to do struck work. *See* Virginia Stage Lines, Inc. v. N L R B, 441 F.2d at 503, and Cooper Thermometer Co., 1965, 154 N.L.R.B. 502. The company's contention is contrary to the entire principle of sympathetic striking.[3] *See* N L R B v. Union Carbide Corp., 440 F.2d at 56; N L R B v. Southern Greyhound Lines, 426 F.2d at 1301. *See also* N L R B v. Peter Cailler Kohler Swiss Chocolates Co., 2 Cir., 1942, 130 F.2d 503, 505, and N L R B v. City Yellow Cab Co., 6 Cir., 1965, 344 F.2d 575, 582.

■ Lastly, the company attempts to justify Hill's discharge by claiming

that "compelling business reasons" dictated its action. While in some unusual situations an overriding business interest can justify removing an employee from the protection against discharge which the Act affords employees exercising their section 7 rights, the company shows no such exceptional circumstances. *See Cooper Thermometer Co.,* ante, and cases cited therein. Its invocation of "business reasons" means only that it does not like strikes.

■ We consider the company's position so frivolous, and certain aspects of its argument, such as reliance upon section 8(a)(3) decisions in a section 8(a)(1) case, so inappropriate, as to call for the application of our *Smith & Wesson* doctrine, N L R B v. Smith & Wesson, 1 Cir., 1970, 424 F.2d 1072. The order will be enforced, with costs taxed against the employer to include counsel fees.

---

3. Nor does it make a difference that she offered to do the clerical work of an employee who was to be continued on clerical duties, and thus release her for production. The company says this shows she was not truly sympathetic to the strike. Good conscience requires no such counsel of perfection. Cf. United States v. Stop-

pelman, 1 Cir., 1969, 406 F.2d 127, cert. denied 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769.