**HEDISON MANUFACTURING COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1421.

United States Court of Appeals, First Circuit.

Argued Feb. 11, 1981.

Decided March 11, 1981.

David F. Sweeney, Warwick, R. I., with whom Breslin & Sweeney, Warwick, R. I., was on brief, for petitioner.

Corinna L. Metcalf, Atty., Washington, D. C., with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Richard B. Bader and Sandra Shands Elligers, Attys., Washington, D. C., were on brief, for respondent.

Before ALDRICH and WINTER,* Circuit Judges, and WYZANSKI,** District Judge.

ALDRICH, Senior Circuit Judge.

Petitioner seeks review of an extensive order of the NLRB, including an order to bargain pursuant to *NLRB v. Gissel Packing Co.*, 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547. The Board has cross-applied for enforcement. In addition to attacking the substantive findings of the administrative law judge, which the Board substan-

tially upheld, petitioner devotes considerable space to the argument that it was denied its constitutional right to a fair trial. We find its contentions unreal, and affirm.

The hearing was scheduled to begin on August 28, 1978. On August 23 Board counsel, by registered mail, served a subpoena ad testificandum on petitioner's principal officer, Harry Hedison, directing him to appear at the hearing in Providence, Rhode Island on August 28 at 10 a. m. Because of settlement negotiations throughout the 28th, the hearing did not commence that day. On the morning of August 29 Hedison was called as Board counsel's first witness.[1] There was silence. Upon questioning by the ALJ, petitioner's counsel (hereinafter, counsel) stated that he had not seen the subpoena until that morning; that a plant employee must have picked it up; that he had not instructed Hedison to be present; and that in his opinion the subpoena, being for August 28, was void so far as the 29th was concerned. At the same time counsel did not contradict Board counsel's statement that he had told counsel on August 28 that he planned to call Hedison the next day. There is no indication that counsel demurred. In fact, elsewhere in the record, counsel stated that he had asked Board counsel for names, so that company personnel could be scheduled. Further dialogue adduced that "Mr. Hedison yesterday and this morning . . . is engaged in a major business transaction," and that his attendance could be arranged "at a mutually convenient time," although counsel could not reach him to say just when.[2]

Asked by the ALJ if Hedison could be produced the following morning, counsel replied, "I didn't say tomorrow morning, Your Honor. I know I could have Mr. Hedison here tomorrow," either morning or afternoon. Pressed for which it would be, coun-

---

* Of the Fourth Circuit, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

1. Petitioner in its brief describes this order of witnesses as "trial tactics," as if to suggest it was not Board counsel's absolute right.

2. In view of our awarding counsel fees to the Board in this case we take the space to note that during oral argument we asked counsel what would have been the effect of this major business transaction on Hedison's being able to appear on the 28th, if needed, and he replied that Hedison was on call three miles away.

sel replied, "I will go further than that, Your Honor, and say that absent—possibly I will have him here tomorrow morning. I don't see any problem with that." The ALJ replied that it would be satisfactory to have Hedison appear as soon in the day as he could terminate his appointments.

The next morning, counsel appeared without Hedison, stated that he did not intend to "assist" Board counsel in "trying my case by way of rebuttal before he's put his own case on," and stated that he would not produce Hedison until petitioner's own case was reached. Board counsel did nothing further to compel Hedison's attendance, but when the time came the ALJ refused to accept him as a witness in petitioner's case, invoking the principle of *Bannon Mills, Inc.,* 1964, 146 NLRB 611, a case we have already endorsed. *NLRB v. C. H. Sprague & Son,* 1970, 428 F.2d 938, 942.

■ This exclusion was clearly warranted. Initially, we would have doubts whether the subpoena was, in fact, defective. *See United States v. Snyder,* 9 Cir., 1969, 413 F.2d 288, *cert. denied,* 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed.2d 183. Still more do we question petitioner's statement in its brief, repeated orally, that "There is no evidence in our case that Mr. Hedison would not have appeared and testified on August 28, if trial had convened...." Counsel forgets that he had already put in the record not only that Hedison made no attempt to comply on August 28, but that he had had the same business engagement.

■ Even were we disposed to grant petitioner the benefit of a technicality, any defect was waived by counsel's representation that he would produce Hedison the next day. The natural effect was to induce Board counsel not to issue a new subpoena, or to seek court enforcement of the old. Basic fairness and the orderly conduct of a hearing require at least a modicum of candor and good faith. *See generally United States v. Bryan,* 1950, 339 U.S. 323, 330–35, 70 S.Ct. 724, 730–32, 94 L.Ed. 884. Such were conspicuously lacking here.

■ The imposition of the *Bannon Mills* principle was classically called for. A subpoena is not a suggestion to appear when mutually convenient, nor is it "an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase." *United States v. Bryan,* ante, 339 U.S. at 331, 70 S.Ct. at 730. Petitioner's conduct reminds us of our language in *NLRB v. C. H. Sprague & Son,* ante, 428 F.2d at 942:

"[T]he company's intransigence gave the trial examiner ample justification for his ruling made in the interest of maintaining the integrity of the hearing process."

Its further contention that instead of invoking *Bannon Mills,* Board counsel should have delayed the proceedings further by seeking court enforcement of its subpoena, 29 U.S.C. § 161, is frivolous. If Board counsel needed Hedison's testimony, that course was open to it, but petitioner is in no position to compel the choice. Equally frivolous is petitioner's assertion that Board counsel's decision deprived it of the opportunity to contest the subpoena. Under Board rules, petitioner had the right to petition the ALJ to revoke the subpoena, and the ALJ "shall revoke the subpoena ... if for any ... reason sufficient in law the subpoena is ... invalid." 29 C.F.R. 102.31(b). Instead, counsel contented himself with the statement that in his opinion "the subpoena by its own terms is void, and there would be no point in my moving to quash it." There is a point, and we must hope petitioner gets it.

■ Petitioner's recalcitrance continued. Board counsel subpoenaed a tape, made by petitioner, of a speech by its vice president, one O'Brien, which the Board's complaint averred included statements amounting to unfair labor practices. Petitioner declined to produce the tape, and *Bannon Mills* was again invoked against it. The first ground advanced by petitioner for nonproduction, that the tape was the work product of counsel, defies comment. As to the second, that the employees who heard the talk must testify first, it should suffice to quote from petitioner's brief.

"[T]he tape was . . . not the best evidence but rather secondary evidence. In short, it was and remains Hedison's position that General Counsel had the obligation of producing affirmative evidence through witnesses that illegal conduct had taken place in the course of O'Brien's speech on March 1. . . . These witnesses should have been required to testify under oath, thus exposing or establishing their credibility."

 We find no more merit to petitioner's remaining procedural arguments. Its assertion that it was entitled to statements made to Board counsel by employees who never testified evidences invincible ignorance of our repeated holdings to the contrary. *P.S.C. Resources, Inc. v. NLRB*, 1 Cir., 1978, 576 F.2d 380, 387 and cases cited; *see NLRB v. Robbins Tire & Rubber Co.*, 1978, 437 U.S. 214, 236–42, 98 S.Ct. 2311, 2323–26, 57 L.Ed. 159. Its claim, as a matter of due process, to notes made but not referred to on the stand by witnesses who did testify likewise comes too late. *Goldman v. United States*, 1942, 316 U.S. 129, 132, 62 S.Ct. 993, 994, 86 L.Ed. 1322; *see* F.R.Ev. 612.

On matters of substance, we have reviewed the findings, and need only say that petitioner has seemingly lost sight of the fact that we do not reverse credibility findings, or choices between reasonable inferences, in routine cases. This is not changed by petitioner's claim of bias on the part of the ALJ. Its charge that his rulings are "evidence of a state of mind which had gone far beyond dislike of a party and had become an advocate of the Union" is not only baseless; it is offensive. *Cf. Scully Signal Co. v. Electronics Corp. of America*, 1 Cir., 1977, 570 F.2d 355, 363, *cert. denied*, 436 U.S. 945, 98 S.Ct. 2848, 56 L.Ed.2d 787. Even had the ALJ's rulings in fact been erroneous, a judicial ruling made in the ordinary course is not to be translated into bias by disappointed counsel. *Johnson v. Trueblood*, 3 Cir., 1980, 629 F.2d 287, 291; *Gallarelli v. United States*, 1 Cir., 1958, 260 F.2d 259, 261, *cert. denied*, 359 U.S. 938, 79 S.Ct. 654, 3 L.Ed.2d 638. In fact, the ALJ's conduct was proper throughout.

As to the *Gissel Packing Co.* order to bargain, there were far too many established unfair labor practices for us to question the Board's decision.

Finally, since this is experienced counsel, the totally frivolous nature of the contentions leads us to conclude that the petition was filed only for purposes of delay. We remind counsel of F.R.Civ.P. 11, a reminder that we shall not, and trust that he will not, forget. Costs will be taxed in favor of the Board, to include counsel fees and all expenses. *General Tire & Rubber Co. v. NLRB*, 1 Cir., 1971, 451 F.2d 257, 259. The petition is denied, and the order will be enforced.