**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 98-6566

———————————

EDUARD LORENZ,

                              Petitioner - Appellant,

        versus

JACK LEE, Warden, Powhatan Correctional
Center; D. A. BRAXTON, Assistant Warden of
Operations, Powhatan Correctional Center; GENE
SHINAULT, Assistant Warden of Programs, Powha-
tan Correctional Center; MIKE SPRADLIN, Treat-
ment Program Supervisor, Powhatan Correctional
Center,

                              Respondents - Appellees.

———————————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, Chief District
Judge.  (CA-98-140-R)

———————————

Submitted:  July 22, 1998          Decided:  August 10, 1998

———————————

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Eduard Lorenz, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eduard Lorenz appeals the district court's order denying his motion filed under Fed. R. Civ. P. 60(b)(1).[*] We have reviewed the record and the district court's memorandum opinion and find no abuse of discretion. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995). Appellant's Rule 60(b)(1) merely sought a review of the court's final order dismissing without prejudice his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997). A Rule 60(b) motion was not intended to substitute for a direct appeal. See Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir. 1962). Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. Lorenz v. Lee, No. CA-98-140-R (W.D. Va. Mar. 31, 1998). We also deny as moot Appellant's motions for modification of the custody order, permission to plead in pro hac vice, and to dispense with appendix and expedite the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*] The final order was entered on March 5, 1998. By motion deposited in the prison's mail system at the earliest on March 21, 1998, Appellant sought relief from the final order under Fed. R. Civ. P. 60(b)(1). The court denied the Rule 60(b)(1) motion on March 31, 1998. Appellant filed a notice of appeal dated April 12, 1998. Because Appellant did not file the Rule 60(b) motion within ten days of the court's final order, the motion did not toll the time in which to file a notice of appeal from the final order. See Fed. R. App. P. 4(a)(4). Thus, Lorenz's notice of appeal is effective only as to the March 31, 1998 order denying his Rule 60(b)(1) motion. See Fed. R. App. 4(a)(1).

the materials before the court and argument would not aid the decisional process.

DISMISSED